IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Jennifer Navarro, on behalf of himself and all other similarly situated persons, known and unknown, Plaintiff,

v.

Lakhani Hospitality, Inc., d/b/a Holiday Inn Chicago – Skokie, and Mansoor Lakhani, individually, Defendants.

## COMPLAINT

NOW COMES Jennifer Navarro, on behalf of herself and all other similarly situated persons, known and unknown ("Plaintiff"), through counsel, and for her Complaint against Lakhani Hospitality, Inc., and Mansoor Lakhani, individually, (collectively, "Defendants"), states:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a week. Plaintiff also seeks redress under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/4 ("IWPCA"), for Defendants' failure to compensate her for all hours worked.

2. Defendants' unlawful compensation practices have denied Plaintiff and other similarly situated persons their earned and living wages.

3. Plaintiff brings Count I of this Complaint as a Collective Action under the FLSA, 29 U.S.C. § 216(b). Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiff's Illinois statutory claims are invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiff's claims occurred within this judicial district.

## THE PARTIES

### Plaintiff

6. Plaintiff resides in, is domiciled in, and was employed by Defendants in Cook County, Illinois, which is in this judicial district.

7. Defendants operate a hotel called Lakhani Hospitality, Inc., d/b/a Holiday Inn, located at 5300 West Touhy Avenue, Skokie, Illinois.

8. Within the relevant period of time, Plaintiff worked at Defendants' Skokie hotel.

9. During the course of her employment, Plaintiff was involved in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, the IMWL, 820 ILCS 105/1 *et seq.*, and the IWPCA, 820 ILCS §115/1 *et seq.*

### Defendants

10. Defendant Lakhani Hospitality, Inc. is an Illinois corporation doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Defendant Lakhani Hospitality, Inc. has had two (2) or more employees involved in interstate commerce.

12. Defendant Lakhani Hospitality, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and the IWPCA, 820 ILCS § 115/2.

13. Defendant Mansoor Lakhani is the President of Lakhani Hospitality, Inc. and is involved in the day-to-day business operations of the corporation and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

14. Defendant Mansoor Lakhani was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

15. Upon information and belief, Defendant Mansoor Lakhani resides and is domiciled in this judicial district.

## **FACTS**

16. Plaintiff worked for Defendants as a janitor at Defendants' hotel known as "Holiday Inn."

17. Plaintiff worked for Defendants from March 4, 2015 until March 2016.

18. Plaintiff was paid at $10.00 per hour for all hours worked, including hours worked in excess of forty (40) hours in a workweek.

19. Plaintiff regularly worked approximately forty-five (45) hours per week for Defendants and was not compensated at time and a half her hourly rate for all hours worked in excess of forty (40) hours in a workweek.

20. Plaintiff was paid by check and cash.

21. Plaintiff was paid for overtime hours worked in cash at her regular hourly rate.

22. Defendants did not compensate Plaintiff for all hours worked at the rate agreed to by the parties.

23. Upon information and belief, Manager Iliana Valdez manipulated Plaintiff's hours worked prior to payroll processing.

24. Plaintiff worked over forty (40) hours or more as directed by Defendants, but was not paid proper overtime wages for time worked in excess of forty (40) hours.

25. Defendants denied Plaintiff and other similarly situated employees their earned wages.

26. Plaintiff was not exempt from the overtime provisions of the FLSA and the IMWL.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

27. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

28. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

29. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

30. Defendants did not compensate Plaintiff or members of the class at an overtime rate calculated in accordance with the tip credit provisions of the FLSA.

31. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

32. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay

overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE IMWL
### Overtime Wages

33. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

34. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

35. Defendants directed Plaintiff to work, and Plaintiff did work in excess of forty (40) hours in individual work weeks.

36. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

37. Plaintiff and other similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

38. Defendants did not pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

39. Defendants violated the IMWL by failing to pay Plaintiff, and other similarly situated employees, overtime wages for all hours worked in individual work weeks.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff and other similarly situated employees are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III: VIOLATION OF THE IWPCA

41. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

42. This count arises under the IWPCA, for Defendants' failure and refusal to pay Plaintiff all wages earned during all time worked for Defendant at the rate agreed to by the parties.

43. During the course of their employment with Defendants, Plaintiff had an agreement within the meaning of the IWPCA to be compensated for all hours worked at the rate agreed to by the parties.

44. In one or more individual work weeks, Defendants did not pay Plaintiff and other similarly situated employees for all hours worked at the rates agreed to by the parties.

45. Instead, Defendants regularly shorted Plaintiff's pay, as described in paragraphs 22-23, *supra*.

46. Plaintiff was entitled to be compensated for all time worked as agreed between the Plaintiff and Defendants.

47. Plaintiff is entitled to recover owed wages for as far as ten (10) years prior to the filing of this lawsuit.

48. Defendants' failure to pay Plaintiff for all time worked violated the IWPCA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of all unpaid wages due to Plaintiff as provided by the IWPCA;

B. Award Statutory damages as provided for by the IWPCA;

C. Declare that Defendants have violated the IWPCA;

D. Enjoin Defendants from violating the IWPCA;

E. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

s/ Raisa Alicea
Raisa Alicea
Consumer Law Group, LLC

6232 N. Pulaski, Suite 200
Chicago, IL 60646
(312) 800-1017
ralicea@yourclg.com

One of Plaintiff's attorneys